UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIAN ROUCH,<br><br>        Plaintiff,<br><br>    v.<br><br>NGB MARKETS, INC., and ROCK CLAPPER, an individual,<br><br>        Defendants. | Case No. 5:14-cv-00012-PSG<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Re: Docket No. 23)** |

In 2011, NGB Market and its President Rock Clapper recruited Brian Rouch to help with product positioning and increasing investor awareness in the company.[1] After things failed to pan out, Rouch filed this suit, naming both NGB and Clapper as defendants. Rouch claims not only unpaid wages as a former employee, but also that, if he was not an employee, Defendants infringed Rouch's intellectual property rights. Rouch's alternative intellectual property claim focuses on Rouch's claimed copyrights in various materials he produced and ideas he created during his time with NGB, including investor decks, promotional materials and product development materials.[2]

---

[1] *See* Docket No. 14 at ¶ 27.

[2] *See id.* at ¶ 81.

NGB and Clapper now move to dismiss Rouch's alternative infringement claim. In challenging the claim, Defendants highlight what they say are fundamentally inconsistent admissions by Rouch in both the complaint itself and the signed offer letter attached to the complaint that he was employed by NBG Market. Rouch's employment status is key to the claim. Under 17 U.S.C. § 206(b), there is a presumption that all copyrighted works "made for hire" by an employee are owned by his employer. The same is true under California law for ideas created during an employee's time with his employer.[3]

While Defendants properly state the law surrounding the work-for-hire doctrine and idea submission rights, their argument fails to consider the equally applicable law surrounding pleading in the alternative. Fed. R. Civ. 8(d)(2) is explicit that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Courts have repeatedly held that two alternative and contradictory claims do not make either claim implausible under Fed. R. Civ. P. 12, even where a plaintiff claims ownership of a property in one claim that he disclaims in another.[4] This is equally true regardless of whether a complaint originally filed in state court was verified or not.[5]

Defendant's motion is DENIED.

---

[3] *See Stern v. NBC Co.,* 270 Cal.App.2d 886, 891 (1969); *Zohler v. Columbia Pictures Corp.*, 180 Cal.App.2d 582, 589 (1960).

[4] *See Whitney v. The Guys, Inc.*, 700 F.3d 1118, 1130 (8th Cir. 2012) (citing *Elena v. San Juan*, 677 F.3d 1, 8 n. 10 (1st Cir. 2012); *Brown v. Cassens Transp. Co.*, 675 F.3d 946, 968–69 (6th Cir.2012))

[5] *See PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 n. 2 (9th Cir. 2007) (finding that while contradicting a verified complaint could damage the plaintiff's credibility before a trier of fact, such contradictions are permissible under the Federal Rules of Civil Procedure).

2
Case No. 5:14-cv-00012-PSG
ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**IT IS SO ORDERED.**

Dated: March 18, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge